**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. 25-2424

J.C.A.G.,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

(Agency No. A204-181-215)

Present: CHAGARES, *Chief Judge*, MATEY and BOVE, *Circuit Judges*.

ORDER

The February 3, 2026 removal stay in this case is vacated. *See* ECF 27. Also vacated are: (1) the portion of the motions panel's December 4, 2025 order holding other cases in abeyance; (2) the portion of the December 4, 2025 order directing the clerk to enter administrative stays in response to motions for stays of removal in those cases; and (3) any administrative stays currently in place pursuant to the December 4, 2025 order. *See* ECF 21.[1]

**I.**

Regarding the February 3, 2026 removal stay, upon consideration of the factors described in *Nken v. Holder*, 556 U.S. 418, 434 (2009), "the record does not merit continuing the stay." *Aristy-Rosa v. AG*, --- F.4th ----, 2026 WL 2363039, at *1 (3d Cir. 2026).[2] Most importantly, based on our review of the parties' submissions, and following oral argument on September 22, 2026, Petitioner has not established a likelihood of success on the merits with respect to the arguments that his Petition For Review is timely and that the deadline set forth in 8 U.S.C. § 1252(b)(1) is subject to equitable tolling. *See id.* at *2 ("A stay is not forever. Circumstances change. So too do our impressions of arguments and evidence as an appeal moves forward."); *see also B.P. v. Blanche*, --- F.4th ----, 2026 WL 2590508, at *4-5 (8th Cir. 2026); *E.E.V. v. Blanche*, 180 F.4th 954, 987-88 (7th Cir. 2026) (Brennan, C.J., dissenting). We will issue a precedential decision in due course explaining

[1] Chief Judge Chagares does not join in this order.

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

our reasoning.

Petitioner's failure on the *Nken* merits factor is dispositive of our lack of authority to stay his removal. *See Nken*, 556 U.S. at 433 ("A stay is not a matter of right, even if irreparable injury might otherwise result."). In any event, counsel reiterated at oral argument that Petitioner's irreparable-harm showing rests largely on findings by an IJ. *See* Oral Argument at 15:31-41; ECF 20 at 19. The BIA, however, rejected the IJ's analysis and ordered Petitioner removed to Mexico. AR 5-6. While the BIA's ruling is not dispositive of irreparable harm, nor is the IJ ruling that the BIA vacated.

Petitioner's arguments regarding the government's future compliance with ICE Directive 11061.1 are speculative, inconsistent with *Nken*, and therefore unconvincing. *See Aristy-Rosa*, 2026 WL 2363039, at *4. And his family-related arguments are "unsupported by evidence." *Id.* at *3 ("Presenting arguments regarding family circumstances in an unsworn brief, unsupported by evidence, will rarely suffice to establish irreparable harm."). Under these circumstances, "[t]he merged interests of the public and the Executive Branch do not support a stay." *Id.* at *4. Accordingly, the February 3, 2026 removal stay is vacated.

## II.

The motions panel's December 4, 2025 order denied Petitioner's motion to hold the proceedings in abeyance as moot. ECF 21. The same order directed the clerk to "hold . . . in abeyance" Petitions For Review in other cases "that present the same post-*Riley* timeliness issue[s]" that we will address in these consolidated appeals. *Id.* This panel will later resolve the argument that the Court has authority to hold a Petition For Review in abeyance at an alien's request during the pendency of withholding proceedings. For now, we will vacate the portion of the December 4, 2025 order holding other cases in abeyance.

The December 4, 2025 order also directed the clerk to enter "temporary administrative stay[s]" in cases where "similarly situated petitioner[s]" sought removal stays, "until such time as the Court can consider the motion for a stay of removal." ECF 21. Administrative stays—while necessary, at times, for the orderly completion of our work—"'impose a considerable administrative burden' on the government." *Ramos v. AG*, 2025 WL 2950133, at *3 (3d Cir. 2025) (Bove, J., concurring in the denial of stay pending appeal) (quoting *INS v. Legalization Assistance Project of L.A. Cnty. Fed'n of Lab.*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers)). So we can only leave them in place for as long as is necessary for reasonable deliberation on the precise question at hand. *See Qatanani v. AG*, 144 F.4th 485, 505 (3d Cir. 2025) (Matey, J., dissenting) ("[C]ourts cannot confuse the political privilege that permits an alien's presence with an unrestricted right to indefinitely remain.").

Right now, the precise question at hand is whether there is a "significantly better than negligible" chance of an alien prevailing in this Circuit on the arguments relating to timeliness and abeyance authority to be addressed in these consolidated appeals. We have

deliberated sufficiently to conclude that the answer to that question is no. Moreover, the "definitive merits decision" addressing these arguments and others will be issued, precedentially, by the panel in due course. *Nken*, 556 U.S. at 432. Therefore, we vacate the part of the December 4, 2025 order that directed the clerk to enter administrative stays, as well as any administrative stays currently in place based on that instruction. This order does not apply to removal stays entered in other cases, which are distinct from administrative stays because they require a *Nken* showing. This order is also without prejudice to (1) a petitioner seeking a removal stay in a particular case based on merits arguments different from the ones at issue here and case-specific issues relating to irreparable harm and the balance of the equities; and (2) the government seeking to vacate a removal stay or an administrative stay in a particular case based on the same types of considerations.

By the Court,

s/ Emil Bove
Circuit Judge

Dated: October 1, 2026
Lmr/cc: All Counsel of Record